STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

                                            Case Type: OTHER CIVIL

---

Andre Agee,                                 Court File No.:

             Plaintiff,

v.


City of Minneapolis, Officer Peter Kist, badge
#, personally, and in his capacity as a
Minneapolis Police Officer, Officer Eileen
McNeary, badge #, personally, and in her
capacity as a Minneapolis Police Officer,        **SUMMONS**
Officers Jane Doe and Richard Roe, unknown
and unnamed Minneapolis Police officers,
personally, and in their capacities as
Minneapolis Police officers; and Janee
Harteau, Minneapolis Chief of Police,
personally and in her official capacity,

             Defendants.

---

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:

THIS SUMMONS IS DIRECTED TO: Defendant(s) Peter Kist, Eileen McNeary, City of
Minneapolis and Janee Harteau.

    1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The
Plaintiff's Complaint against you is attached to this summons. Do not throw these papers
away. They are official papers that affect your rights. You must respond to this lawsuit
even though it may not yet be filed with the Court and there may be no court file number
on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR
RIGHTS**. You must give or mail to the person who signed this summons **a written
response** called an Answer within 20 (twenty) days of the date on which you received
this Summons. You must send a copy of your Answer to the person who signed this
summons located at:

                              Albert Turner Goins, Sr.
                              Attorneys at Law

301 Fourth Avenue South
Suite 378N
Minneapolis, MN 55415

3. YOU MUST RESPOND TO EACH CLAIM. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS. If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. LEGAL ASSISTANCE. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. ALTERNATIVE DISPUTE RESOLUTION. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 16, 2016

Albert T. Goins (0126159 )
301 Fourth Avenue South
Suite 378N
Minneapolis, MN 55415
(612) 339-3848 office
(612)339-3850 cell
1-651-212-4020 Facsimile
aturngoins@yahoo.com
ATTORNEYS FOR PLAINTIFF

**FILED**
MINNEAPOLIS, MINN

STATE OF MINNESOTA                2016 JUN 17 PM 3: 32          DISTRICT COURT

COUNTY OF HENNEPIN                CITY CLERK
                                 DEPARTMENT FOURTH JUDICIAL DISTRICT

                                                              Case Type:

---

                                           Court File No.:

Andre Agee, an individual

      Plaintiff,

v.

City of Minneapolis, Officer Peter Kist, ,
badge #, personally, and in his capacity as a
Minneapolis Police Officer, Officer Eileen
McNeary, badge #, personally, and in her
capacity as a Minneapolis Police Officer,
Officers Jane Doe and Richard Roe, unknown
and unnamed Minneapolis Police officers,
personally, and in their capacities as            **COMPLAINT AND JURY**
Minneapolis Police officers; and Janee            **DEMAND**
Harteau, Minneapolis Chief of Police,
personally and in her official capacity,

      Defendants.

---

      Now comes the Plaintiff, Andre Agee, and for his Complaint against Defendants states

and alleges as follows:


## INTRODUCTION

1.    Plaintiff Andre Agee brings this complaint seeking damages and other relief against

    Defendants for violations of her civil and constitutional rights under both federal and

    state constitutions, violations of federal and state statutes, including 42 United States

    Code Section 1981, 1983, 1985, 1986 and 1988, and for common law tort claims as

    herein enumerated.

1

2.   The incident giving rise to his claims took place on July 27, 2014 claims near the address of 1815 East Lake Street and other locations Minneapolis City of Minneapolis, County of Hennepin, Minnesota.

3.   At all times material hereto, Andre Agee was a person of African-American descent residing in the State of Minnesota, County of Hennepin.  Plaintiff Agee is a protected class individual.

4.   Defendant City of Minneapolis is a political entity and person under 42 U.S.C. § 1983 and the employer of the Defendant police officers and is sued pursuant to Minnesota Statutes Section 466.01, et seq. The appropriate claims are also based on Doctrine of Respondeat Superior against Defendant City of Minneapolis as the employer of Defendant officers.

5.   Defendant Janee Harteau is the Minneapolis Police Chief.  Harteau, allegedly, has the duty and responsibility of supervising, training and disciplining Minneapolis Police officers, including defendant officers herein.

6.   All Defendant police officers, including Officers Kist and McNeary, were at the time and place of the incident working as on-duty Minneapolis Police officers and/or acting within the scope and course of their official duties and employment as officers with the City of Minneapolis Police Department.

7.   At approximately 7:00 a.m. Plaintiff was walking in the area of the Mercado shopping center in South Minneapolis.

8.   At that time he (Plaintiff) was confronted by officers who sought to encounter Plaintiff even though he was not engaged in any unlawful or illegal activity.

9.   Plaintiff was immediately illegally searched and arrested by these officers, in part

2

because they claimed he had been seen in that vicinity earlier and because he appeared to

be wearing the same clothes for a few days. Officers purportedly arrested Plaintiff Agee

for loitering.

10. During and following the transport of Plaintiff, Officer Kist after having handcuffed

Plaintiff, claimed that Agee refused to leave his squad car.

11. Kist then forced Plaintiff up against a pillar, purportedly to control him. When Plaintiff

turned towards Kist, Defendant Kist forced Plaintiff to the ground and kneed him in the

head. Kist then had Plaintiff admitted to jail.

12. There is no evidence that Plaintiff made any effort to evade or escape from police.

Plaintiff did not swear at police. Kist's actions appear to b e wholly based on his other

contacts with other suspects while in the line of duty.

13. Upon information and belief, Plaintiff suffered pain and/or humiliation as a result of

Kist's actions.

14. The officers illegally arrested Plaintiff.

15. The actions of the officers were malicious, unjustified, unreasonable, and were or should

have been known to violate Mr. Agee's rights, including rights to due process and to be

free from unreasonable seizures.

16. Agee suffered distress and other injuries, including but not limited to, head and ear

injuries.

17. Agee reported this incident to the City of Minneapolis. Nevertheless, Plaintiff alleges

that Defendants' have actual or constructive knowledge of these claims. Further, Plaintiff

has no obligation to provide notice of his federal claims based on the Supremacy Clause

of the United States Constitution. *See Felder v. Casey*, 487 U.S. 131, 146-47, 108 S. Ct.

3

2302, 2311, 101 L. Ed. 2d 123 (1988).

## CAUSES OF ACTION

### I.

### ASSAULT

18.   Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

19.   The actions of Defendant officers, including Officers Kist and McNeary placed Plaintiff in immediate fear of imminent threat of physical or bodily harm and were intended to cause such fear in Plaintiff while Defendants had the apparent and present ability to cause such harm.

20.   Such actions were unjustified, were not the actions of reasonably well-trained officers, and were committed with malice and/or racial animus for Mr. Agee.

21.   As a result of these actions, Plaintiff was placed in fear of immediate harm, injury, or death, resulting in damage to Plaintiff.

22.   Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

### II.

### BATTERY

23.   Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

24.   The actions of Defendant officers, including Officers Kist and McNeary, as to Agee constituted an unauthorized touching and use of unreasonable, unjustified and excessive force in violation of Minnesota Statutes authorizing the use of justifiable force. Such

unauthorized touching or force caused physical or bodily harm and was intended to cause
such physical or bodily harm as to Plaintiff while Defendants had Plaintiff in their
custody.

25. Such actions were unjustified, were not the actions of reasonably well-trained officers,
and were committed with malice and/or racial animus for Mr. Agee.

26. As a result of these actions, Plaintiff was placed in fear of immediate harm, injury, or
death, resulting in damage to Plaintiff.

27. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff
has suffered damages in an amount in excess of seventy-five thousand dollars
($75,000.00).

### III.

### FALSE ARREST

28. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint
as if fully set forth herein.

29. Defendants in illegally and falsely seizing Plaintiff did so without probable case, warrant
or complaint, thus causing Plaintiff to lose her liberty and freedom of movement without
legal right or justification.

30. Defendants did so maliciously and/or recklessly by assaulting him, based on Plaintiff's
race, color and appearance.

31. Such an assault is part of a pattern of police misconduct.

32. Such actions were unjustified, were not the actions of reasonably well-trained officers,
and were committed with malice and/or racial animus for Mr. Agee.

33. As a result of these actions, Plaintiff was placed in fear of immediate harm, injury, or

death, resulting in damage to Plaintiff.

34. As a result of these actions, Plaintiff was placed in fear of immediate harm, injury, or death, and faced the loss of her liberty and was threatened with being jailed, resulting in damage to Plaintiff.

35. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## IV.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

37. The actions of Defendants were malicious, unjustified and unreasonable and so outrageous as to be none endurable in a civilized society. Further such actions invaded and violated Plaintiff's liberty interests and rights. Such actions were unjustified, were not the actions of reasonably well-trained officers and were committed with malice and/or racial animus for Mr. Agee.

38. As a result of these outrageous actions and assaults, Plaintiff was caused severe emotional and mental distress, resulting in harm and injury to Plaintiff.

39. Wherefore, as a direct and proximate cause of these actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## VI.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

41. The actions as alleged herein of all officers at the scene negligently and maliciously placed Plaintiff Agee in a zone of danger where she faced the danger of further harm.

42. Further, the negligent actions of the Defendant officers invaded and violated the constitutional liberties and rights of Plaintiff. Such actions were unjustified, were not the actions of reasonably well-trained officers, and were committed with malice and/or racial animus for Mr. Agee.

43. As a result of these outrageous actions and assaults, Plaintiff was caused severe emotional and mental distress, resulting in harm and injury to Plaintiff.

44. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## VII.

## 42 USC § 1983

## EXCESSIVE FORCE AND DUE PROCESS VIOLATIONS

45. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

46. The actions of Defendant officers, including Officers Kist and McNeary, were conducted under color of law and while acting within the scope of their authority as Minneapolis Police officers.

47. Such actions intentionally and recklessly constituted "constitutional torts," including violating and depriving Mr. Agee of his rights to be free from unreasonable seizures, to be free from excessive force and her right to due process of law, all in violation of her rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Title 42 United States Code Section 1983.

48. Such actions were not the actions of objectively reasonably well-trained police officers and violated clearly and well-established rights of Mr. Agee. Further, the actions of the officers were inherently shocking to the conscience. See *Rochin v. California*, 342 U.S. 165, 96 L. Ed. 183, 72 S. Ct. 205 (1952).

49. As a result of these outrageous actions and assaults, Plaintiff was caused severe harm, including the loss of constitutional rights and liberties, serious, temporary and/or permanent physical injury and other emotional and mental distress, resulting in harm and injury to Plaintiff.

50. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## VIII.

### 42 U.S.C. § 1985

51. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

52. The actions of Officer Kist and McNeary and other officers were conducted as a part of a tacit agreement or conspiracy to refuse to vindicate, protect or to not infringe the constitutional rights of Brown skinned and Latino-American persons in the City of

9

Minneapolis. Such a tacit agreement or conspiracy violates 42 U.S.C. § 1985 by depriving a class of persons of rights because of race-based animus or hostility and deprives them of their constitutional rights through a pattern and practice of condoned illegal police behavior.

53.   Defendant officers have acted in furtherance of this tacit agreement or conspiracy to violate Plaintiff's rights.

54.   As a result of these outrageous actions and assaults, Plaintiff was caused severe harm, including the loss of constitutional rights and liberties, physical injury and other emotional and mental distress, resulting in harm and injury to Plaintiff.

55.   Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## IX.

### 42 U.S.C. § 1983

### MONELL CLAIM

56.   Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

57.   The pattern or practice of illegal and condoned police misconduct is tacitly or overtly sanctioned by the conduct of Defendants Harteau and her predecessors and the City of Minneapolis.

58.   Thus, such behavior is carried out pursuant to a policy, procedure or custom, whether formal or informal, which violates constitutional rights of persons situated such as Plaintiff.

10

59.   As a result of these illegal and unconstitutional policies, procedures or customs, Plaintiff was caused severe harm, including the loss of constitutional rights and liberties, physical injury and other emotional and mental distress, resulting in harm and injury to Plaintiff.

60.   Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## X.

### 42 U.S.C. § 1986

61.   Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

62.   The actions of each police officer Defendant, the City of Minneapolis and Defendant Harteau in failing to prevent such a tacit agreement and conspiracy to violate rights under 42 USC §§ 1985 and 1983 constitutes a violation of 42 USC § 1986.

63.   As a result of these illegal and unconstitutional policies, procedures or customs, Plaintiff suffered severe harm, including the loss of constitutional rights and liberties, physical injury and other emotional and mental distress, resulting in harm and injury to Plaintiff.

64.   Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## XI.

## VIOLATIONS OF BIAS CRIMES STATUTE

65.   Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

11

70.   Defendants' actions with respect to Plaintiff constituted both hostile and differential discriminatory treatment in the provision or lack of provision of public services to Plaintiff under Minnesota Statutes Chapter 363A and related anti-bias statutes.

71.   Defendant City of Minneapolis acted in a hostile, discriminatory and illegal fashion by unreasonably and unjustifiably seizing and arresting Plaintiff without probable cause. The individual Defendants, by their actions, aided and abetted this discriminatory conduct, policy or practice by their actions alleged herein; including by and through the following: by engaging in unlawful behaviors and failing to adequately hire, supervise, investigate, discipline, terminate and train its employees about excessive force, lethal force, encountering individuals who are African-American, and by failing to take reasonable steps to prevent its employees from engaging in excessive force, and by engaging in the use of excessive force.

72.   As a direct and proximate result of the actions of Defendants, Plaintiff has suffered and will suffer damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Andre Agee prays for judgment and the following relief against each and every Defendant, jointly and severally.

A.   Reasonable damages in an amount in excess of Seventy-Five Thousand Dollars;

B.   Injunctive and declaratory relief;

C.   Attorneys fees and expert costs under 42 USC § 1988;

D.   Any and all other relief available, including pre-verdict and post-verdict interest, costs, fees and disbursements; and

12

E.   After motion, hearing, and Order, a claim and judgment for punitive damages.

F.   Plaintiff demands a jury trial as to issues so triable.

G.   All available statutory damages, including treble and punitive damages pursuant to

Minnesota Statutes and Minneapolis municipal ordinance.


Dated: ~~July 12, 2013~~ *June 17, 2016*

**GOINS LAW OFFICES**

Albert T. Goins, Sr., #126159
301 Fourth Avenue South
378 Grain Exchange Building
Minneapolis, MN 55415
(612) 339-3848 telephone
1-651-212-4020 facsimile
(612) 339-3850 cell

**ATTORNEYS FOR PLAINTIFF
ANDRE AGEE**

13

## ACKNOWLEDGMENT

The undersigned attorney does hereby acknowledges the provisions of Minn. Stat. §549.211.

Dated: 16 June 2016

GOINS LAW OFFICES

Albert T. Goins, Sr., #126159
301 Fourth Avenue South
378 Grain Exchange Building
Minneapolis, MN 55415
(612) 339-3848 telephone
1-651-212-4020 fax
(612) 339-3850 cell
**ATTORNEYS FOR PLAINTIFF**

14